UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC OLSON and ANNA OLSON, <br><br> Plaintiffs, <br> v. <br><br> CARNEGIE MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); WELLS FARGO BANK, N.A.; and All Persons Claiming By, Through Or Under Such Person, All Persons Unknown, Claiming Any Legal Or Equitable Title, Estate, Lien Or Interest In The Property Described In The Complaint Adverse To Plaintiffs Title Thereto; and DOES 1 To 20, Inclusive, <br><br> Defendants. | Case No.: 12-03677-PSG <br><br> **REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS** <br><br> **(Re: Docket Nos. 6, 10)** |

On June 11, 2012, Plaintiffs Eric and Anna Olson filed an action in California state court against Carnegie Mortgage ("Carnegie"), Mortgage Electronic Registration Systems ("MERS"), Wells Fargo Bank, N.A., and certain unnamed individuals (collectively "Defendants") alleging violations of various state and federal claims. The dispute concerns a piece of real property located at 112 San Benancio Road, Salinas, California 93908 (the "Property"), and whether Defendants have the authority to foreclose on the Property.

1

Case No.: 12-03677-PSG
**REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS**

On July 13, 2012, Defendants removed the instant action to federal court, citing this court's federal question jurisdiction under 28 U.S.C. § 1441(b). On July 20, 2012, both Carnegie and MERS filed motions to dismiss Plaintiffs' complaint. On August 21, 2012, the parties were to appear for a case management conference. Only Defendants appeared, however, and only Defendants have consented to a United States Magistrate Judge conducting all further proceedings. Plaintiffs, moreover, have not opposed Carnegie's and MERS' motions to dismiss their complaint, and the date by which Plaintiffs were required to file any opposition has come and gone—Plaintiffs were required to file an opposition no later than August 3, 2012.

Because Plaintiffs have not consented to Magistrate Judge Jurisdiction, the undersigned may not resolve the pending dispositive motion. Instead, the undersigned (i) REQUESTS reassignment of the case to a district judge, and (ii) RECOMMENDS that Plaintiffs' complaint be dismissed for failure to prosecute.

Dated:  August 22, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

2
Case No.: 12-03677-PSG
**REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS**